AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>2009 Cadillac, red in color, with vehicle identification number 1G6DF577490163928 and Ohio license plate OH GLJ8344, registered to Ciara Hackle | Case No.<br>1:18MJ-279 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Southern___ District of ___Ohio___ is subject to forfeiture to the United States of America under ___21___ U.S.C. § ___846___ *(describe the property)*:

2009 Cadillac, red in color, with vehicle identification number 1G6DF577490163928 and Ohio license plate OH GLJ8344, registered to Ciara Hackle

The application is based on these facts:

SEE ATTACHED AFFDAVIT

☐ Continued on the attached sheet.

*Chris Dees*
*Applicant's signature*

Task Force Officer Chris Dees, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/25/18

*Karen L. Litkovitz*
*Judge's signature*

City and state: Cincinnati, Ohio

Honorable Karen L. Litkovitz
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Christopher J. Dees, Task Force Officer with the Federal Bureau of Investigation (FBI), being duly sworn, state as follows:

## INTRODUCTION

1. I have been a police officer for over thirteen years and have focused on narcotics investigations since 2013. I am currently assigned as a Task Force Officer to the Federal Bureau of Investigations Safe Streets Task Force. I have conducted and participated in numerous drug trafficking investigations during my career, which have resulted in narcotics seizures, seizures of U.S. currency, and the arrest, prosecution, and conviction of numerous subjects in both state and federal courts. I have participated in numerous interviews of individuals involved in the distribution, transportation, and sales of controlled substances and I have had numerous discussions regarding their various operations. I have initiated and participated in surveillance, the operation and debriefing of numerous drug dealers, drug users, and informants, performed both physical and electronic surveillance, and executed search warrants. Further, I have been involved in narcotics investigations that have utilized Title III interceptions of targets and monitored those interceptions.

## PROPERTY TO BE SEIZED

2. I make this affidavit in support of an application for the issuance of a seizure warrant for:

> 2009 Cadillac, red in color, with vehicle identification number 1G6DF577490163928 and Ohio license plate OH GLJ8344, registered to Ciara Hackle

## BACKGROUND

3. I believe that, based upon the facts detailed in this affidavit, probable cause exists that the item of property identified in paragraph 3 was used to facilitate illegal drug trafficking activities and constitutes proceeds obtained as a result of illegal drug trafficking, and is therefore subject to forfeiture under 21 U.S.C. §§ 853(a) and 881(a). The vehicle is registered to Ciara Hackle, who I know from my investigation and records is Courtney Webster's wife.

4. I am aware of an investigation regarding heroin trafficking in Covington, Kenton County, Kentucky. The investigation identified an individual known as "C-Murder," later identified as Courtney Webster, through surveillance and information obtained from confidential sources and other sources.

5. When I assert that a statement was made, I have either direct knowledge of the statement, or the information was provided by another law enforcement agent (who may have had either direct or hearsay knowledge of the statement), and I have either spoken to the agent or I have read and reviewed the

2

agent's report.

6. Since this affidavit is being submitted for the limited purpose of securing a seizure warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the seizure of the vehicle described in paragraph 3.

## FACTS AND CIRCUMSTANCES

7. Confidential Human Sources 1 (CHS 1) and 2 (CHS 2), who have been proven to be both trustworthy and reliable during controlled purchases from multiple targets for the Covington Police Department, reported that they could purchase heroin from Courtney Webster. Between January 18, 2017 and March 15, 2018, CHS 1 and CHS 2 arranged multiple purchases of heroin from Webster in amounts ranging from two tenths of a gram to a gram. All the purchases occurred in Covington, Kenton County, Kentucky. The heroin purchased from Webster on each occasion was sent to the Kentucky State Police, Northern Laboratory Branch. That lab identified the substances as containing heroin, a Schedule I controlled substance.

8. Specific to the Cadillac described in Paragraph 3, the following facts from the investigation establish probable cause that it facilitated criminal activity:

(a) On January 30, 2017, agents used CHS 1 to purchase .818 of a gram of heroin from Webster and Johnson for $140 in Covington.

3

CHS 1 contacted Webster by calling him at 513-655-0216 to set the details of the transaction. Webster showed up for the transaction as a passenger in a red Cadillac that Johnson was driving. Both Webster and Johnson took part in the actual transaction.

(b) On January 31, 2017, at approximately 12:47 p.m., agents used CHS 1 to purchase .304 of a gram of heroin from Webster and Johnson for $70 in Covington. CHS 1 contacted Webster by calling him at 513-655-0216 to set the details of the transaction. Johnson showed up alone for the transaction in the same red Cadillac and made the actual transaction.

(c) On January 31, 2017, at approximately 2:57 p.m., agents used CHS 2 to purchase heroin from Webster and Johnson for $40 in Covington. CHS 2 contacted Webster by calling him at 513-655-0216 to set the details of the transaction. Webster showed up for the transaction as a passenger in the same red Cadillac with Johnson driving. Webster made the actual transaction. We do not have a lab report at this time, but every transaction involving this group has tested positive for heroin and the appearance of the item is consistent with other transactions where testing confirmed that the substance was heroin.

(d) On February 1, 2017, agents used CHS 1 to purchase .401 of a gram of heroin from Webster for $70 in Covington. CHS 1 contacted Webster by calling him at 513-655-0216 to set the details of the transaction. Webster showed up for the transaction as a passenger in the red Cadillac but agents were not able to identify the driver. Webster made the actual transaction.

(e) On February 2, 2017, at approximately 12:44 p.m., agents used CHS 1 to purchase .365 of a gram of heroin from Webster for $70 in Covington. CHS 1 contacted Webster by calling him at 513-655-0216 to set the details of the transaction. Webster showed up for the transaction as a passenger in the red Cadillac but agents were not able to identify the driver. Webster made the actual transaction.

(f) On February 2, 2017, at approximately 1:25 p.m., agents used CHS 2 to purchase heroin from Webster for $40 in Covington. CHS 2 contacted Webster by calling him at 513-655-0216 to set the details of

the transaction. Webster showed up for the transaction as a passenger in the red Cadillac but agents were not able to identify the driver. Webster made the actual transaction. We do not have a lab report at this time, but every transaction involving this group has tested positive for heroin and the appearance of the item is consistent with other transactions where testing confirmed that the substance was heroin.

(g) On September 21, 2017, agents used CHS 1 to purchase .802 of a gram of heroin from Webster for $140 in Covington. CHS 1 contacted Webster by calling him at 513-264-4293 to set the details of the transaction. Webster showed up in his red Cadillac and made the actual transaction.

9. Webster regularly used associates to assist in completing these heroin transactions with CHS 1 and CHS 2. This is consistent with information received from CHS 1 and CHS 2 about Webster's pattern of operation and with what I have learned from my training and experience about common methods of heroin trafficking in this area.

10. On August 29, 2017, CHS 1 called Courtney Webster to arrange a purchase of a gram of heroin from Webster. CHS 1 waited approximately one hour to complete the transaction without success. Eventually Webster told CHS 1 to call another number to finalize details of the purchase. CHS 1 then called the number provided by Webster, spoke with an unknown male, and again arranged to purchase a gram of heroin at a predetermined location. A short time later, an individual CHS 1 knows as "J" arrived at the arranged location and supplied CHS 1 with a gram of heroin for $140.00. "J" was described as a black male with

5

tattoos on his face. After the deal was completed, Webster called CHS 1 to confirm that CHS 1 received the heroin.

11. Based on observations of past conduct and information received from CHS 1, CHS 2 and others, agents believe Webster coordinates narcotics transactions that are conducted by himself and others. In doing so, Webster is moving from place to place to finalize deals. These transactions require Webster to gather money, acquire narcotics, store narcotics, distribute the narcotics to customers, and dispose of proceeds of the transactions.

12. On April 12, 2018, the Grand Jury for the United States District Court, Eastern District of Kentucky, returned an indictment on Webster and others for conspiracy to distribute heroin and related charges. An arrest warrant was subsequently issued for Webster.

13. Based on the above facts and circumstances, there is probable cause to believe, and I do believe, that the aforementioned subject vehicle was used to facilitate drug trafficking activities and/or constitutes proceeds of drug trafficking. As such, the aforementioned property is subject to seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853, and forfeiture to the United States Government pursuant to 21 U.S.C. § 881(a)(4) and (6) and 21 U.S.C. § 853(a)(1) and (2).

14. A protective order under 21 U.S.C. § 853(e) would be insufficient to assure the availability of the property for forfeiture. Pursuant to 21 U.S.C. § 853,

the criminal forfeiture statute, the United States may request the issuance of a seizure warrant in the same manner as provided for a search warrant. 21 U.S.C. § 853(f). The Court "shall issue a warrant authorizing the seizure" of the property if it determines that 1) there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture; and 2) that a protective order under Section 853(e) is not sufficient to assure the availability of the property for forfeiture. 21 U.S.C. § 853(f).

15. In this instance, a protective order under 21 U.S.C. § 853(e) would be insufficient to assure the availability of the property for forfeiture because a vehicle can easily be moved or transferred. In addition, a seizure warrant is necessary so that the property named in the forfeiture allegation can be taken into federal custody and maintained in accordance with the policies and procedures of the Department of Justice's Asset Forfeiture Program.

16. I, therefore, request that the Court issue a seizure warrant as authorized under 21 U.S.C. § 853(f) because there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and an order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture.

I swear that this information is true and correct to the best of my knowledge.

*Christopher J. Dees*
Christopher J. Dees, Task Force Officer
Federal Bureau of Investigation

Subscribed to and sworn to before me, this 25 of April, 2018

*Karen L. Litkovitz*
Honorable Karen L. Litkovitz
United States Magistrate Judge